IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACKIE HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-11-142-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

The claimant Jackie Harrison requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the Court finds that the Commissioner's decision is REVERSED and the case REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.¹

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933

---

¹ Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on September 23, 1978, and she was thirty years old at the time of the administrative hearing. She has a tenth grade education but did obtain her GED (Tr. 26). She has past relevant work as a nurse aide and order filler (Tr. 21). The claimant alleges she has been unable to work since August 2, 2007 because of degenerative disc disease, fibromyalgia, and panic attacks (Tr. 126).

### Procedural History

On January 19, 2008, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Kim D. Parrish conducted a hearing and determined that the claimant was not disabled in a decision dated September 8, 2009. The Appeals Council denied review, so the ALJ's decision is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had severe impairments (fibromyalgia, degenerative disc disease, and history

of panic attacks) but retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b); 416.967(b), with the additional limitations that the claimant can only occasionally bend forward at the waist, bend at the knees to come to rest on her knees, and bend downward by bending her legs and spine (Tr. 15-16). In addition, the ALJ found that the claimant was limited to unskilled work and work in relative isolation with limited public contact (Tr. 16). The ALJ concluded that while the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform in the national economy, *i.e.*, housekeeping cleaner, merchandise marker, and sewing machine operator (Tr. 22).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly analyze the "other source" opinion of claimant's mental health counselor and (ii) by picking and choosing among the relevant evidence. The Court finds the claimant's first contention persuasive.

The claimant began receiving mental health treatment at Mental Health and Substance Abuse Centers in Southern Oklahoma (MHSSO) in July 2008, at which time she went through an initial screening (Tr. 370-72). The claimant reported seeking treatment for depression, suicide attempts, and to learn coping skills (Tr. 370). She reported feeling serious depression, serious anxiety and tension, thoughts of harming herself, and hallucinations within the last three months (Tr. 370). She also reported that

she had been hit, slapped, kicked, emotionally or sexually hurt, or threatened in the past twelve months (Tr. 371).

The claimant's counselor, Janiece Covington, R.A., completed a Residual Functional Capacity Assessment Form (Mental) on June 19, 2009 (Tr. 323-27). In that form, Ms. Covington opined that claimant was markedly limited in the following functional categories: i) ability to remember locations and work-like procedures; ii) ability to understand and remember detailed instructions; iii) ability to carry out detailed instructions; iv) ability to maintain attention and concentration for extended periods; v) ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; vi) ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; vii) ability to interact appropriately with the general public; viii) ability to accept instructions and respond appropriately to criticism from supervisors; ix) ability to travel in unfamiliar places or use public transportation; and x) ability to set realistic goals or make plans independently of others (Tr. 323-27). Ms. Covington also found that claimant had moderate limitations in a number of functional categories, including, *inter alia*, ability to understand and remember very short and simple instructions, ability to work in coordination with or proximity to others without being distracted by them, and ability to respond appropriately to changes in the work setting (Tr. 323-26).

The ALJ mentioned Ms. Covington's opinion and summarized her findings, but stated only that her opinion deserved little weight for the following reasons: i) Ms. Covington was not a doctor; ii) her opinion was inconsistent with other substantial evidence; and iii) an RFC assessment is an administrative issue reserved to the Commissioner (Tr. 20). His consideration of Ms. Covington's "other source" opinion was clearly inadequate. *See, e.g., Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that other source opinions should be evaluated with the relevant evidence "on key issues such as impairment severity and functional effects" and by considering the 20 C.F.R. 404.1527, 416.927 factors in determining the weight of these opinions). *See generally* Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *6 (discussing considerations of evidence from sources who are not acceptable medical sources and stating that "[a]lthough there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning") [emphasis added].

Social Security Ruling 06-03p "specifies that the factors for weighing the opinions of acceptable medical sources set out in 20 C.F.R. 404.1527(d) and 416.927(d) apply equally to all opinions from medical sources who are not 'acceptable medical sources' as well as from 'other sources' [and] instructs the adjudicator to explain the weight given to

opinions from these 'other sources,' or otherwise ensure that the discussion . . . allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Frantz*, 509 F.3d at 1302 [internal quotations omitted]. Those factors are the familiar ones: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) [quotation marks omitted], *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001).

  The ALJ's first reason for rejecting Ms. Covington's opinion was that she was not a doctor. But the fact that Ms. Covington is not a physician does not justify the ALJ's disregard for her opinions regarding the severity of claimant's mental impairments. *See, e.g., Carpenter v. Astrue*, 537 F.3d 1264, 1267-68 (10th Cir. 2008) ("Although a chiropractor is not an 'acceptable medical source' for *diagnosing* an impairment under the regulations, the agency has made clear that the opinion of such an 'other source' is relevant to the questions of *severity* and *functionality*. The ALJ was not entitled to disregard the 'serious problems' set out in Dr. Ungerland's opinion simply because he is

a chiropractor.") [citations omitted].  Next, the ALJ stated that Ms. Covington's opinion was "inconsistent with other substantial evidence in the case" but failed to point out any of the inconsistencies to which he was referring.  *Wise v. Barnhart*, 129 Fed. Appx. 443, 447 (10th Cir. 2005) ("The ALJ also concluded that Dr. Houston's opinion was inconsistent with the credible evidence of record, but he fails to explain what those inconsistencies are.") [quotation marks and citations omitted] [unpublished opinion].

Finally, the ALJ noted that an RFC assessment is an opinion reserved to the Commissioner and that opinions in this regard are never entitled to controlling weight or special significance (Tr. 20).  However, Soc. Sec. Ruling 96-5p distinguishes between a Medical Source Statement and an RFC assessment, and states the following:

> A medical source's statement about what an individual can still do is medical opinion evidence that an adjudicator must consider together with all of the other relevant evidence (including other medical source statements that may be in the case record) when assessing an individual's RFC.  Although an adjudicator may decide to adopt all of the opinions expressed in a medical source statement, a medical source statement must not be equated with the administrative finding known as the RFC assessment.

Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *5.  Ms. Covington's opinions were part of a Medical Source Statement that should have been considered during the ALJ's assessment of claimant's RFC.

Because the ALJ failed to properly analyze the "other source" opinion of Ms. Covington, the decision of the Commissioner is reversed and the case remanded to the ALJ for further analysis.  If such analysis results in any adjustments to the claimant's

RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

The Court finds that incorrect legal standards were applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge finds that the decision of the ALJ is REVERSED and REMANDED.

**DATED** this 26th day of September, 2012.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma